IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Case No. 2:14-CR-43 |
| Plaintiff, | : | |
| | : | JUDGE MARBLEY |
| v. | : | |
| | : | |
| RICHARD ROMAN, | : | |
| | : | |
| Defendant. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss the Indictment. (Doc. 14). For the reasons set forth herein, Defendant's Motion is **DENIED**.

### II. BACKGROUND

Defendant Richard Roman is charged with one count of attempted coercion and enticement of a minor in violation of 18 U.S.C. § 2422(b), which states:

> Whoever, using the mail or any facility of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

According to the Complaint, Roman posted an advertisement online indicating his desire to find "girls of any age to have fun thus [sic] weekend." (Doc. 1 at 3). He used the Internet to communicate with a person he believed to be a single parent of an 11-year-old girl. The single parent was, in fact, a Special Agent of the United States Secret Service who had been assigned to the Franklin County Internet Crimes Against Children Task Force ("ICAC Task Force"), and

1

was acting as a "decoy parent." Roman, over the Internet and via text message, talked with the decoy parent about scheduling a time for Roman to meet the 11-year-old girl. After a series of communications over the course of two days, Roman went to the location set by the decoy parent, where he was subsequently arrested by members of the ICAC Task Force. The Indictment alleges that Roman "did use a means or facility of interstate commerce, that is, the Internet, to attempt to knowingly persuade, induce or entice an individual whom he believed to be an 11-year-old female, to engage in sexual activity for which the defendant can be charged with a criminal offense." (Doc. 9 at 1).

On April 1, 2014, Defendant filed his Motion to Dismiss. (Doc. 14). The United States of America filed its Response in Opposition on April 8, 2014. (Doc. 16). This matter is ripe for review.

### III. STANDARD OF REVIEW

Defendant brings his Motion pursuant to Federal Rule of Criminal Rule of Criminal Procedure 12(b)(2), which states: "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." When a party brings properly and timely a pretrial motion under Rule 12, "the district court may make preliminary findings of fact necessary to decide questions of law… as long as the court's findings on the motion do not invade the province of the jury." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997) (citing *United States v. Jones*, 542 F.2d 661, 664-65 (6th Cir. 1976)). Thus, "Rule 12 vests the district court with the authority to 'determine [preliminary] issues of fact in such a manner as the court deems appropriate.'" *Id.* (quoting Notes of Advisory Committee to the 1975 Amendments to Fed. R. Crim. P. 12).

Fed. R. Crim. P. 7(c)(1), in relevant part, "requires an indictment to include 'a plain,

2

concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Hudson*, 491 F.3d 590, 592 (6th Cir. 2007) (quoting Fed. R. Crim. P. 7(c)(1)). It is well established that "an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charges against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also U.S. v. Vanover*, 888 F.2d 1117, 1120 (6th Cir. 1989).

When considering a motion to dismiss an indictment, "the [c]ourt must view the [i]ndictment's factual allegations as true, and must determine only whether the indictment is valid on its face." *Costello v. United States*, 350 U.S. 359, 363; *see also United States v. Hann*, 574 F. Supp.2d 827, 830 (M.D. Tenn. 2008); *United States v. Campbell*, 2006 WL 897436, at *2 (E.D. Mich. April 6, 2006).

## IV. ANALYSIS

Defendant argues that no trier of fact could find him guilty of violating § 2422(b) based on the undisputed facts of the case. In so arguing, Defendant contends that he cannot be convicted under the statute because he communicated over the Internet with a "decoy parent" or adult intermediary. According to Defendant, those actions fall outside the confines of the statute, and therefore lend themselves to a dismissal of the Indictment.

The Government counters that communication with an adult intermediary, done for the purpose of attempting to persuade, induce, entice, or coerce a minor, is prohibited under § 2422(b). The Government points to cases from district courts within the Sixth Circuit, as well as cases in other federal circuit courts, that have found communication with an adult intermediary to be outlawed under the statute. The Government insists that, regardless of how Defendant

attempts to sidestep it, his actions are banned by § 2422(b). Moreover, the Government claims that Defendant is asking the Court to rule on factual issues that are reserved properly for a jury.

As a preliminary matter, Defendant suggests that there is no evidence that he "intended to use the telephone or internet to seduce a minor nor that he took *any* step – let alone a substantial step – toward doing so." (Doc. 14 at 17). Insofar as Defendant asks the Court to decide factual issues related to attempt, this is an issue properly decided by the factfinder. With an attempt crime, the Government must "prove both criminal intent and that the defendant committed an overt act that constitutes a substantial step toward commission of the crime." *United States v. Kimberly*, 412 F. App'x 750, 755 (6th Cir. 2011) (internal citation omitted). The issue of intent "is generally considered to be one of fact to be resolved by the trier of the facts." *United States v. Daniel*, 329 F.3d 480, 487 (6th Cir. 2003) (internal quotation omitted). Thus, whether Roman attempted to entice and coerce a minor, through the adult intermediary, is a question of fact left properly to the factfinder.

To the extent, however, Defendant argues that his conduct, even as alleged, does not fall within conduct prohibited by the statute, the Court may consider this objection. In support of his argument, Defendant relies heavily on a great deal of legislative history, which he claims makes clear that communication with a decoy parent is not prohibited under the statute. The Court does not agree. Though the Sixth Circuit has not addressed the issue of an adult intermediary under § 2422(b), it has contemplated the application of the statute:

> case law in this circuit and others supports reading § 2422(b) to criminalize conduct even when an actual minor is not on the receiving end of the communications. In both *United States v. Hughes*, 632 F.3d 956, 958 (6th Cir.2011), and [*United States v. Hart*, 635 F.3d 850, 852 (6th Cir.2011)], this court upheld convictions under § 2422(b) where undercover detectives posed as 14–year–old girls. Also, in an unpublished opinion, this court held that a defendant may be charged with violating the statute "even

> though he is mistaken as to the true age of the person with whom he admittedly communicated." *United States v. Fuller*, 77 Fed.Appx. 371, 378 (6th Cir.2003).

*United States v. Hackworth*, 483 F. App'x 972, 978 (6th Cir. 2012) *cert. denied*, 133 S. Ct. 841, 184 L. Ed. 2d 665 (U.S. 2013). Thus, the Sixth Circuit has made clear that the statute applies when the defendant is communicating with party who is not a minor, thereby demonstrating support for a broader reading of § 2422(b). *Id.*; *see also United States v. Jarrett*, 2013 WL 1120061, at *2 (E.D. Tenn. March 18, 2013) (denying defendant's motion to dismiss his indictment, and relying on the *Hackworth* court's determination that § 2422(b) "criminalizes conduct even when an actual minor is not on the receiving end of the communications").

While the Sixth Circuit has not specifically addressed cases involving adult intermediaries, district courts have examined the application of § 2422(b) in such situations. In *United States v. Saucedo*, Saucedo argued that, because he had communicated with an adult intermediary, he could not be indicted under § 2242(b). 2007 WL 3124658 (E.D. Mich. Oct. 25, 2007). The court disagreed, citing the decisions of circuit courts in support. *Id.* at *2-5; *see United States v. Hornaday*, 392 F.3d 1306 (11th Cir. 2004) (finding that defendant's conversations with an undercover officer posing as a father of two young girls was illegal under the statute); *United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001) (finding that defendant's communication with an adult intermediary posing as a 14-year-old girl was prohibited under the statute); *United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007) (finding that defendant's communication with the purported mother of minor children fulfilled the attempt requirement under the statute).

Of the cases discussed by the *Saucedo* court, two are particularly germane to the case *sub judice*: *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004), and *United States v.*

*Tykarsky*, 446 F.3d 458 (3d Cir. 2006). In *Murrell*, the court held that defendant's communications with an adult whom he believed to the father of a 13-year-old girl fell within the confines of the statute. According to the court, Murrell's actions, though not aimed directly at the minor, "attempted to stimulate or cause the minor to engage in sexual activity with him." *Murrell*, 368 F.3d at 1287. The *Murrell* court determined that the statute was properly understood to prohibit Murrell's actions, stating: "the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective." *Id.*; *see also United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011) (following *Murell*, and finding that "[a] defendant can be convicted under [§ 2422(b)] when he arranges to have sex with a minor or a supposed minor through communications with an adult intermediary"); *United States v. Caudill*, 709 F.3d 444, 446-47 (5th Cir. 2013) (following *Murrell*, and citing similar holdings in five other circuits).

In *Tykarsky*, the court considered the use of a decoy parent under the statute. Looking to the legislative history, the court determined that communications with an adult intermediary are prohibited:

> After examining the text of the statute, its broad purpose and its legislative history, we conclude that Congress did not intend to allow the use of an adult decoy, rather than an actual minor, to be asserted as a defense to § 2422(b). First, the plain language of the statute, which includes an "attempt" provision, indicates that something less than the actual persuasion of a minor is necessary for conviction. *See United States v. Meek,* 366 F.3d 705, 718 (9th Cir.2004) (observing that the inclusion of the attempt provision "underscores Congress's effort to impose liability regardless of whether the defendant succeeded in the commission of his intended crime"); *United States v. Root,* 296 F.3d 1222, 1227 (11th Cir.2002) (observing that the attempt provision indicates that "[t]he fact that [the defendant's] crime had not ripened into a completed offense is no obstacle [to a conviction]").

6

*Tykarsky*, 446 F.3d at 466. The court then turned to the more specific requirements of the attempt provision under the statute:

> Interpreting § 2422(b) to require the involvement of an actual minor would render the attempt provision largely meaningless because, as a practical matter, little exists to differentiate those acts constituting "enticement" and those constituting "attempted enticement." The attempt provision is therefore most naturally read to focus on the subjective intent of the defendant, not the actual age of the victim. *See Meek,* 366 F.3d at 718 (holding that because the scienter requirement applies to both the act of persuasion and the age of the victim, attempt liability turns on the defendant's subjective belief). We therefore believe that the statute's plain language, though not conclusive, supports our holding.

*Id.* at 466-67. In short, "every circuit to consider the issue has concluded that a defendant can violate § 2422(b) by communicating with an adult intermediary rather than a child or someone believed to be a child." *United States v. Laureys*, 653 F.3d 27, 33 (D.C. Cir. 2011).

Such a legislative interpretation is supported by the court's decision in *United States v. Parker*, 2013 WL 1497432, at *5 (E.D. Tenn. April 10, 2013). The *Parker* court considered, and subsequently rejected, defendant's argument that the legislative history of the statute prohibited only direct enticement or persuasion of minors, noting, "the legislative history does not foreclose the application of the statute to a defendant's communications with adult intermediaries." *Id.* at *6. Looking to decisions of other circuits, the *Parker* court determined that "the plain language of the statute contemplate[d] the circumstances at issue," and supported a finding that Parker's communications with an adult intermediary fell within the scope of prohibited conduct under § 2422(b). *Id.* (citing *United States v. Nestor*, 574 F.3d 159 (3d Cir. 2009); *United States v. Douglas*, 626 F.3d 161, 165 (2d Cir. 2010); *United States v. Cote*, 504 F.3d 682, 686 (7th Cir. 2007) ("[l]egislative history shows that the purpose of § 2422(b) was to equip law enforcement with the tools necessary for combating internet child predators"); *Spurlock*, 495 F.3d at 1014).

7

The collection of related cases makes it clear that Defendant's purported actions are prohibited under the statute. Defendant is alleged to have communicated with a decoy parent regarding sexual acts with a minor. Though the statute, on its face, does not state specifically that such conduct is prohibited, to find that Defendant's actions are not prohibited under § 2422(b) would be to allow a loophole for defendants who have communicated with an adult intermediary. Echoing the sentiment previously expressed by the Second, Fifth, Eighth, and Eleventh Circuits, to provide Defendant with such a loophole would be to eviscerate the efficacy of the statute, and would allow Defendant to sidestep the statute by using an intermediary to achieve his objective. *See Caudill*, 709 F.3d at 447 (citing *Douglas*, 626 F.3d at 165; *Spurlock*, 495 F.3d at 1014; *Murrell*, 368 F.3d at 1287). Defendant's Motion to Dismiss the Indictment is, therefore, denied.

## V. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **DENIED**. Defendant's Motion for Leave to File Motion to Dismiss (Doc. 13) and the United States' Motion for Leave to File Response (Doc. 15) are hereby **GRANTED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: April 25, 2014**